NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAVEL MIADZIUKHA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 17-70443<br><br>Agency No. A087-877-900<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 5, 2021
San Francisco, California

Before: WARDLAW and BERZON, Circuit Judges, and PREGERSON,[**] District Judge.

Pavel Miadziukha, a native and citizen of Belarus, petitions for review of a

Board of Immigration Appeals ("BIA") decision to affirm the Immigration Judge's

("IJ") denial of his application for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we grant Miadziukha's petition and remand for further proceedings.

1. The BIA affirmed the IJ's adverse credibility determination based on the following grounds: (1) Miadziukha's non-responsiveness and evasive testimony regarding his alleged mistreatment by Cossacks, harm he suffered for expressing his political opinion, and problems his family suffered as practicing Pentecostals in Belarus, (2) lack of detail and specificity in Miadziukha's testimony regarding his own personal experiences in Belarus, and (3) Miadziukha's numerous voluntary returns to Belarus despite the alleged persecution he suffered. These grounds are not supported by substantial evidence.[1]

The record of Miadziukha's merits hearings indicates that his ability to testify and respond fully was considerably challenged. Miadziukha primarily communicates in Russian and required an interpreter to testify at his merit hearings. However, the provided interpreter struggled to translate words and phrases and admitted as much on the record. *See He v. Ashcroft*, 328 F.3d 593, 596–97 (9th Cir. 2003). Moreover, the IJ expressed cultural illiteracy pertaining to Miadziukha's background and culture, and frequently interrupted Miadziukha's

---

[1] Though the IJ concluded that Miadziukha had not suffered past persecution even considering his testimony as credible, the BIA did not adopt this portion of the IJ's decision.

2

testimony, even if she only intended to elicit particular answers. *Arulampalam v. Ashcroft*, 353 F.3d 680, 687 (9th Cir. 2003). We must consider the agency's adverse credibility determination in light of the disruptive circumstances surrounding Miadziukha's merit hearings.

First, Miadziukha's purportedly non-responsive and evasive testimony likely stemmed in part from a "language barrier[ and] interpreter problems" rather than any intentional "evasiveness on the part of [Miadziukha]." *Garrovillas v. INS*, 156 F.3d 1010, 1014–15 (9th Cir. 1998). For example, the IJ supported her adverse credibility finding based on Miadziukha's assertedly non-responsive and evasive answers to his attorney's questions regarding Miadziukha's and his family's personal experience with the Cossacks and about the harm he experienced in Belarus because of his political belief in religious freedom. *Cf. Shrestha v. Holder*, 590 F.3d 1034, 1045 (9th Cir. 2010) (concluding that petitioner's "blatant and unexplained unresponsiveness supports the IJ's adverse credibility determination"). However, Miadziukha frequently attempted to clarify his answers and provide further detail when given the opportunity, and any perceived non-responsiveness or evasiveness is better explained by language or cultural barriers than any intent to deceive the Government. *See Joseph v. Holder*, 600 F.3d 1235, 1244 (9th Cir. 2010) ("[A] general response to questioning, followed by a more specific, consistent response to further questioning is not a cogent reason for

3

supporting a negative credibility finding.").

Second, the IJ's adverse credibility determination based on Miadziukha's apparent lack of detail or specificity is similarly plagued by the aforementioned language and cultural barriers.  Specifically, the IJ was concerned by Miadziukha's failure to give specific examples of the Belarusian government's interference in expressing his political opinion or how the Belarusian government prevented his father from practicing his Pentecostal faith, and the lack of "even approximate dates for specific events even when these events formed the basis for his claim for relief."  However, the record demonstrates that Miadziukha reasonably attempted to respond to the IJ's questions with more specific information, such as testifying that the Belarusian government's 2002 law targeted Pentecostal churches, which forced several to close, and supplying the years in which he attended his church, albeit with some difficulty.  That he provided the level of detail he did in spite of the IJ's "repeated interruption[s]," Miadziukha's apparent misunderstandings, and the interpreter's conceded difficulties translating basic phrases significantly undermines the IJ's adverse credibility determination on this ground.  *See Arulampalam*, 353 F.3d at 687.

Overall, the examples from Miadziukha's testimony relied upon by the BIA and IJ "are not significant and relevant and do not support an adverse credibility determination" in light of Miadziukha's wide-ranging, consistent testimony

4

regarding his alleged mistreatment in the Belarusian army and the alleged discrimination he faced in Belarus as a Pentecostal. *See, e.g., Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir. 2004) (cleaned up).

Lastly, Miadziukha's voluntary returns to Belarus took place as a required part of his job as a delivery driver, his sole source of income. There is no basis in the record for supposing that he had the opportunity to remain in the places to which he traveled. Accordingly, the voluntary returns do not support the IJ's adverse credibility finding. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005).

Notably, the BIA also failed to fully consider and credit Miadziukha's corroborating documentation, including letters of support and country condition reports, after adopting the IJ's adverse credibility finding. Based on the foregoing, the BIA's affirmance of the IJ's decision denying Miadziukha asylum or withholding of removal based solely on the IJ's adverse credibility finding is not supported by substantial evidence.

2.    The BIA did not err in affirming the IJ's holding that Miadziukha was not entitled to relief under the CAT. The BIA adopted the IJ's finding that Miadziukha failed to demonstrate any "particularized threat of torture" and therefore failed to meet his burden for relief under CAT. However, on appeal, Miadziukha does not challenge this finding or argue that he faces a particularized

5

threat of torture in Belarus.

**GRANTED in part, DENIED in part,** and **REMANDED.**